IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
In Admiralty
Civil Action Number: 4:23-cv-130-FL

| | | |
|---|---|---|
| ATLANTIC COAST MARINE SERVICES, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **ORDER GRANTING INTERLOCUTORY JUDGMENT AND DIRECTING VESSEL SALE** |
| T2 REVERIE, a 2020 Everglades 365CC Powerboat (Hull # RJDDX003K920), and its engines, bunkers, and appurtenances, etc., in rem, | ) ) ) ) ) ) ) | |
| Defendant. | ) | |

This action having come before the Court upon motion of Plaintiff Atlantic Coast Marine Services, Inc. ("ACMS"), through its undersigned counsel, for an Order Granting Interlocutory Judgment in favor of ACMS and against Defendant powerboat T2 REVERIE, a 2020 Everglades 365CC Powerboat (Hull # RJDDX003K920), and its engines, bunkers, and appurtenances, etc. in rem (collectively "Vessel") arising out of a Verified Complaint relating to ACMS's salvage award, and the Court having considered the papers supporting the motion, and there being no appearances in this matter and no opposition filed, it is on this 14th day of December, 2023 ORDERED as follows:

1. Interlocutory judgment be and is hereby ordered in favor of ACMS against Defendant powerboat T2 REVERIE, a 2020 Everglades 365CC Powerboat (Hull # RJDDX003K920), and its engines, bunkers, and appurtenances, etc. in the amount of

$263,750.00 and ACMS shall have an administrative claim in the amount of $10,960.44, which amount shall be incorporated into the interlocutory judgment.

2. A maritime lien be and hereby is fixed on the defendant Vessel for the amount of the interlocutory judgment and the Vessel is hereby condemned for public sale.

3. The defendant Vessel shall be sold free and clear of all claims, encumbrances and liens at an auction sale to be held under the auspices of the United States Marshal for the Eastern District of North Carolina.

4. The U.S. Marshal for the Eastern District of North Carolina is authorized and directed to conduct the public sale of the defendant Vessel to the highest responsible bidder deemed eligible under 46 USC § 31329, such sale to be subject to the confirmation of this Court.

5. To the extent not previously paid, all of the expenses of the U.S. Marshal in connection with the public sale, including without limitation the cost of publication, shall be paid out of the $5,000.00 check advanced to the U.S. Marshal by ACMS.

6. The sale shall be conducted under the auspices of the United States Marshal for the Eastern District of North Carolina on the courthouse steps at the United States Courthouse, 413 Middle Street, New Bern, NC 28560 at a date and time as may be properly noticed and is otherwise acceptable to the U.S. Marshal not later than 60 days from the date of this Order. The Marshal, as the duly authorized representative, shall conduct the sale in the following manner: (a) The sale shall be an auction sale to the highest and best responsible bidder, subject to the provisions of this Order, which sale shall be subject to confirmation by the Court within ten (10) days of the sale. (b) The U.S. Marshal shall not transfer title to the purchaser until further Order of this Court. (c) The highest and best responsible bidder, except as specified in paragraph "e" below, will be

required to deliver to the U.S. Marshal at the time of sale a cashier's check, certified check, or case deposit in an amount of at least (10%) of the bid, with the balance being paid by cash, certified or cashier's check to the Marshal within seventy-two (72) hours of the sale excepting Saturday, Sunday, and legal holidays. (d) If the successful bidder does not pay the balance of the purchase price within the time allowed, the bidder shall be in default, and the judicial officer may accept the second highest bid or may arrange a new sale. The defaulting bidder's deposit shall be forfeited and applied to any additional cost incurred by the U.S. Marshal because of the default, and the balance shall be retained in the registry of the Court awaiting its order. (e) ACMS is hereby authorized to credit bid on the defendant Vessel in incremental amounts up to the interlocutory judgment amount together with such amounts as have accrued and have not yet been included in the interlocutory judgment including expenses advanced to the U.S. Marshal, and storage of the vessel all of which are to be calculated up to and including a date (10) days past the date of the auction. ACMS shall advise the U.S. Marshal of the sum of its total credit bid prior to the commencement of the bidding.

7. At the conclusion of the sale, the U.S. Marshal shall forthwith file a written report with the Court setting forth the notice given; the fact of the sale; the date of the sale; the names, addresses, and bid amount of the bidders, the price obtained, and any other pertinent information.

8. Following confirmation of the sale by this Court, all proceeds shall be paid into the Court registry save for those identified in herein at paragraph 9. Upon motion of the parties, the proceeds will be disbursed in accordance with this Order and such further Orders as may be made.

9. All administrative costs incurred by or on behalf of the U.S. Marshal subsequent to arrest, including without limitation its commission, shall be deemed to be expenses of the Marshal and shall be reimbursed immediately out of the $5,000.00 advanced to the U.S. Marshal Service by ACMS on September 21, 2023. Reimbursement to ACMS of its administrative expenses in the amount of $14,057.43 together with any outstanding amounts owed to ACMS as the Substitute Custodian up to the date of the confirmation of the sale shall be made by the Clerk of Court subject to Court approval.

10. Upon confirmation of the sale, ACMS shall file its motion for entry of final default judgment seeking to have the interlocutory judgment entered this date against defendant as well as any additional collection cost and all other cost or expenses as the Court may deem appropriate included as part of a final deficiency judgment subject to credit from the proceeds of the sale less the costs deducted pursuant to paragraph 9 and seeking a decree for distribution of the sale proceeds on deposit with the Court's registry constituent with these findings.

DONE AND ORDERED in Chambers at New Bern, North Carolina on this the 21st day of December, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge

Copies furnished:
Counsel of Record
United States Marshal Service